## CITY OF NEW YORK v. OTTO SARONY CO.

(Supreme Court, Appellate Term.   January 7, 1904.)

1. MUNICIPAL CORPORATIONS — OBSTRUCTION OF STREET — CONSTRUCTION OF ORDINANCE—PROJECTING AWNING.

A city ordinance provided that "no areas, steps, court-yards, or other projections, except show windows, not exceeding 18 inches in width, and signs not projecting more than 12 inches from the house line, shall hereafter be built" on a certain street. *Held,* that a stationary ornamental awning, projecting 5 feet from the house line, was within the inhibition of the ordinance.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the city of New York against the Otto Sarony Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Maurice Goodman, for appellant.

George L. Rives (Arthur F. Cosby, of counsel), for respondent.

GREENBAUM, J.   This action was brought to recover a penalty "for making, building or erecting, and continuing to maintain daily," for a period specified, "a glass and iron marquise awning over the entrance to the building No. 1177 Broadway, borough of Manhattan, extending over the sidewalk, and projecting into Broadway at said No. 1177 Broadway, in violation of sections 330 and 331 of the Revised Ordinances of the City of New York."

The ordinances in question read as follows:

"Sec. 330.   No areas, steps, court-yards or other projections, except show windows, not exceeding eighteen inches in width, and signs not projecting more than twelve inches from the house line, shall hereafter be built, erected or made upon Broadway, to the south of Fifty-Ninth street, and that all buildings hereafter erected shall conform to and be upon the street line of such street.

"Sec. 331.   Any person or persons who shall hereafter make, build or erect any area, steps, stoop, court-yard or other projection, in contravention of this ordinance, shall be guilty of a misdemeanor, and shall in addition thereto, be liable for a penalty of ten dollars for such offense and for ten dollars for each and every day that such offense shall continue."

The undisputed facts are that the defendant maintained over the entrance of the building in question a stationary awning of ornamental design, constructed of prismatic glass and iron, and known as a "marquise," which projected about five feet from the house line on Broadway, near Twenty-Seventh street.   Judgment was rendered against the defendant, who contends that the structure complained of is not a violation of the sections above quoted.

The precise point made by appellant is that the general words, "or other projections," contained in the ordinance, following the specific ones referring to "areas, steps, and court-yards," are to be limited to things of the same general character as those specifically described. The rule of construction here invoked, that general words are usually limted to things ejusdem generis, rests upon the theory that such a rule

of interpretation reaches the intention of the parties to a contract, or of the lawmakers in the case of a statute or ordinance. The true purpose of construction is to ascertain the real meaning or intent of the parties who had the power to frame the words. No artificial or automatic rule of construction may be indulged in to defeat the true meaning, if a reading of the entire instrument, statute, or ordinance unerringly indicates that meaning. In the Matter of Reynolds, 124 N. Y. 394–399, 26 N. E. 954, several illustrations taken from well-reasoned cases will be found where the rule of construction here urged by appellant was not adopted because the general words were followed by exceptions which indicated that the person using the words understood that the general words had the broad scope which would be given to them if they stood alone. In the case here presented we find following the words "other projections" the words "except show windows, not exceeding eighteen inches in width, and signs not projecting more than twelve inches from the house line." By no stretch of the imagination can it be said that show windows or signs would come within the class of structures known as "areas, steps, or court-yards," and the conclusion irresistibly follows that the exceptions mentioned in the ordinance indicate an unmistakable intention on the part of the lawmakers to give the full meaning and effect to the words "other projections" that they would have if they stood alone. Nor can the narrow construction claimed by the defendant, that the projections relate to such as are actual obstructions on the sidewalk, be upheld upon the ground that the intent of the framers of the ordinance was to prevent such obstructions on Broadway. On the contrary, it is apparent, from the fact that signs and show windows which do not necessarily obstruct the highway are mentioned in the ordinance, that the lawmaking powers had in view the prohibition of all projections from houses along Broadway below Fifty-Ninth street, excepting to the limit therein permitted. The violation was clearly established, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.